## John Goffredo & Sons, Inc. v. S.M.G. Corporation

*Edmund Turtzo,* for plaintiff.

*Thomas P. Stitt,* for defendant.

GRIFO, J., April 17, 1973.—In this case, plaintiff filed a complaint in assumpsit claiming a total of $299,505.-17, due him pursuant to a contract for the construction of a Treadway Inn.

Defendant, in his answer to plaintiff's complaint, filed a counterclaim in the amount of $96,244.72, alleging certain failures on plaintiff's part to meet the requirements of the contract.

Plaintiff thereupon filed his preliminary objections to defendant's counterclaim, in the nature of a motion for more specific pleading, which motion is now before this court.

In the counterclaim, defendant sets forth a total of 41 breaches of the construction contract, including 24 specific failures in material and/or workmanship supplied by plaintiff. Also set forth are costs and/or losses allegedly sustained for increased heating and air-conditioning, floor tiles, freight charges, unrented rooms, and restaurant and lounge sales, all attributed to plaintiff's contract failures. Six of the 24 alleged failures in workmanship and/or material are set forth as having been corrected, the name of the contractor, the work performed, and the amount paid, being included in defendant's counterclaim. However, 16 other items were not corrected, although they were set forth with their estimated costs of repair, but without any information as to the source of the estimates.

Pennsylvania Rule of Civil Procedure 1019(a) sets out the vague requirements for what must be contained in a pleading: "The material facts on which a cause of action or defense is based shall be stated in a concise

and summary form." Expounding upon this language, Anderson states: "Although the use of technical words is not required, the pleader must state the facts of his claim or defense with such accuracy and precision or reasonable certainty that the adverse party is sufficiently informed of the basis of the pleader's claim or defense that the adverse party is enabled to prepare his case": 2A Anderson Pa. Civ. Prac. §1019.1.

In a similar case in Delaware County, the court there stated:

"The defendant claims that the plaintiffs are attempting to lump the alleged damages in each instance and should be required to set forth specifically the amount of labor required, the quantity of the materials used, the prices paid for each, the time involved to do the work, the extent of the poor work allegedly performed by the defendant.

"We agree that the complaint consists of a lumping of the amounts claimed—attempted to be supported by very general averments as to the work done, labor furnished and the alleged failure of defendant to perform his contract according to its terms.

"Upon a preliminary objection requesting a more specific complaint, the test is whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense": Bock v. D'Antonio, 39 Del. 278 (1952).

Upon examination of defendant's counterclaim, we are of the opinion that the averments contained therein are not of sufficient precision so as to allow plaintiff to prepare his case. What is required, insofar as the estimated repair work is concerned, is a statement of who made the estimate, when it was made, what materials are to be used, what work is to be performed, and

the cost of the labor to perform the work. As far as the work which was already performed, a statement should be included as to when the job was performed, the materials used and the cost of the labor in performance of the job.

Accordingly, the court enters the following

ORDER OF COURT

And now, to wit, April 17, 1973, the preliminary objections of plaintiff are sustained, and defendant is given leave to file an amended counterclaim within 20 days from the date hereof.